**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID HUFF,                        )
                                   )
         Plaintiff,                )
                                   )
v.                                 )     Case No. CIV-17-429-JHP-KEW
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
         Defendant.                )

**REPORT AND RECOMMENDATION**

Plaintiff David Huff (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 41 years old at the time of the ALJ's decision. Claimant completed his high school education.  Claimant has worked in the past as a security guard.  Claimant alleges an inability to work beginning September 11, 2012 due to limitations resulting from diabetes, headaches, dizziness, and depression.

**Procedural History**

On October 4, 2013, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 4, 2015 and February 23, 2016, Administrative Law Judge ("ALJ") Trace Baldwin conducted administrative hearings by video with Claimant appearing in Ardmore, Oklahoma and the ALJ presiding from Oklahoma City, Oklahoma. On August 3, 2016, the ALJ issued an unfavorable decision. The Appeals Council denied review on September 21, 2017, making the ALJ's decision final for review purposes. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly assess the opinion of a consultative examining internist, Dr. Chaudry and include his findings in the RFC; and (2) failing to properly assess the opinion of Dr. Eppstein and include his findings in the RFC.

**Evaluation of Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, pain disorder, left shoulder tendonitis and bursitis, diabetes mellitus with neuropathy, chronic obstructive pulmonary disease, dysthemic disorder, generalized anxiety disorder, and borderline personality disorder. (Tr. 23). The ALJ concluded Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently; sit for a total of four hours throughout an eight hour workday; stand/walk for a total of four hours throughout an eight hour workday; occasionally reach and wok overhead with the left shoulder only; occasionally push and/or pull including the operation of hand and foot controls; frequently balance; occasionally stoop, kneel, crouch, and climb ramps and stairs, but never crawl or climb ladders, ropes, or scaffolds. Claimant was found to have no manipulative, visual, communicative limitations. Claimant must not work at unprotected heights, around dangerous moving equipment or machinery, or on uneven or unstable working surfaces. He must avoid concentrated exposure to dusts, fumes, odors, extreme temperatures, and other noxious respiratory irritants. Claimant could understand, remember, comprehend, and carry out simple work-related instructions and

tasks.  He could work with supervisors and co-workers on a superficial work basis, but cannot work with the public.  The ALJ determined Claimant could adapt to routine changes in the working environment.  (Tr. 25).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of small products assembler II, electronics worker, and mail sorter, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 34).  As a result, the ALJ found Claimant was not under a disability from September 11, 2012 through the date of the decision.  Id.

Claimant contends the ALJ failed to properly assess the opinion of the consultative physician, Dr. S. A. Chaudry.  As reflected in the report dated March 30, 2015, Dr. Chaudry examined Claimant, who told him that he experienced generalized pain in the neck, lower back, and left shoulder after a motor vehicle accident. Claimant told Dr. Chaudry that his lower back pain radiated down his right leg.  He had no history of spinal surgeries, epidural injections but had physical therapy.

Claimant stated that he had numbness and tingling sensation in his hands and feet for about three years.  He also had poor vision but had not had eye surgery.  He complained of shortness of breath from asthma as well as depression and anxiety.  He offered that he

6

had no loss of power in any extremity and no incontinence, seizure activity, or loss of consciousness.  Claimant told Dr. Chaudry that he could sit for 45 minutes to one hour at a time, stand for about 20 minutes at a time, and walk for five to 15 minutes at a time unassisted.  (Tr. 411).

On examination, the abnormal findings noted by Dr. Chaudry included numbness and tingling sensation in the hands and feet, occasional shortness of breath, spinal pain and pain in the extremities, painful range of motion of flexion, extension, rotation, and lateral movements with bilateral trapezius muscular tenderness.  (Tr. 412).  Straight leg raise testing was negative bilaterally.  Claimant's left shoulder demonstrated painful range of motion of flexion, extension, abduction, adduction, internal rotation, and external rotation.  He had no muscular wasting.  He could walk unassisted, his gait was unassisted and safe, but slow and his heel and toe walking could be achieved.  He could engage in fine and gross manipulative movements of the hands and fingers with normal grip strength.  (Tr. 413).

Dr. Chaudry diagnosed Claimant with chronic cervical and lumbosacral spine strain with disc disease; right leg sciatica; left shoulder tendonitis and bursitis; insulin dependent diabetes mellitus with retinopathy and peripheral neuropathy; hypertension; asthma; GERD; hyperlipidemia; anxiety and depression with difficulty

in learning and insomnia.  Id.

On March 30, 2015, Dr. Chaudry also authored a medical source statement which indicated Claimant could occasionally lift/carry up to 20 pounds; could sit for one hour at a time and up to five hours in an eight hour workday; could stand for 20 minutes at a time and for two hours in an eight hour workday; could walk for 15 minutes at a time and for one hour in an eight hour workday.  He also determined that Claimant could never reach overhead with his left hand but could frequently reach, handle, finger, feel, and push/pull with the right hand and frequently reach, other than overhead, handle, finger, feel, and push/pull with the left hand.  Claimant could also frequently use both feet for operation of foot controls. (Tr. 414-16).

Dr. Chaudry found Claimant could occasionally climb stairs and ramps, balance, stoop, and kneel.  He could never climb ladders or scaffolds, crouch, or crawl.  Although Dr. Chaudry found Claimant suffered from a visual impairment, it did not significantly restrict him.  He also determined Claimant could never work in unprotected heights, with moving mechanical parts, in humidity/wetness, or in dust, odors, fumes, and pulmonary irritants.  (Tr. 417-18).

The ALJ referenced Dr. Chaudry's examination findings and report in his decision.  (Tr. 27).  He concluded, however, that "[i]t appears that Dr. Chaudry gave these limitations in part based

on the claimant's subjective statements rather than the rather unremarkable clinical findings and objective medical evidence." By way of example, the ALJ noted Dr. Chaudry found no manipulative deficits yet he only provided for frequent use of each hand for handling, fingering, feeling, pushing, and pulling. (Tr. 27-28). Despite these perceived deficiencies, the ALJ gave Dr. Chaudry's assessment "some partial weight and consideration as generally consistent with the light exertional level of work as reflected in the determination of the claimant's residual functional capacity." (Tr. 28).

In evaluating the ALJ's reasons for diminishing the bases for Dr. Chaudry's findings, the determination that he relied upon Claimant's subjective representations is rank supposition which does not form a supported basis for rejecting the opinion of a treating physician. Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004)("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints . . . .").

The ALJ is required to evaluate all medical opinions and if he chooses to reject a medical opinion, he must "provide specific, legitimate reasons for rejecting it." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003) quoting Drapeau v. Massanari, 255 F.3d

9

1211, 1213 (10th Cir. 2001). The ALJ's treatment of Dr. Chaudry's opinions is similar to that which occurred in the case of Haga v. Astrue, 482 F.3d 1205, 1207 (10th Cir. 2007). The ALJ in Haga rejected some limitations found by the consultative examiner but included others. The court determined the ALJ should have explained why he rejected four areas of moderate restrictions while appearing to adopt others. As with other medical evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). The same can be said with opinion evidence. Haga, 482 F.3d at 1208.

The ALJ's intention in affording Dr. Chaudry's opinions "some partial weight" is lost on this Court. The ultimate conclusion that his findings generally dovetailed with the ALJ's RFC for light work is simply untrue. Dr. Chaudry's findings are closer akin to a finding of sedentary work, given his restrictions in standing and walking as well as other functional limitations. On remand, the ALJ will be required to specifically identify which functional limitations in Dr. Chaudry's opinion he accepts and which he rejects and designate a comprehensible weight to which he attributes the opinion.

Claimant also challenges the manner in which the ALJ treated the opinions of Dr. Stephen Eppstein. Dr. Eppstein testified at the administrative hearing. The ALJ gave his opinions "substantial weight." (Tr. 31). Claimant complains that the ALJ did not incorporate Dr. Eppstein's restriction to only occasional bending in the RFC. (Tr. 548). While the restriction was not specifically included in the ALJ's RFC, Claimant does not indicate how or if the representative jobs identified by the vocational expert would be eliminated by virtue of the inclusion of this single additional restriction. Since the case is remanded on other grounds, the ALJ should evaluate whether this limitation should be included in his RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and

Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE